THE STATE EX REL. LUNSFORD, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Lunsford v. Indus. Comm.* (2001), 93 Ohio St.3d 448.]

(No. 01–15—Submitted September 19, 2001—Decided October 17, 2001.)

---

*Per Curiam.* Appellant-claimant, Katy M. Lunsford, was industrially injured in 1976. Her workers' compensation claim was allowed and her average weekly wage ("AWW") was set at $88.64. Claimant did not object to that figure, and compensation and benefits followed.

Over twenty years later, on February 14, 1996, claimant moved appellee Industrial Commission of Ohio to reset her AWW at $100.91, alleging that the Bureau of Workers' Compensation had miscalculated her AWW in 1976. She additionally requested that all compensation paid since the date of injury be readjusted. The commission refused.

Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying readjustment. The court of appeals ruled that the commission abused its discretion in refusing to consider readjustment for the two years preceding claimant's motion. Readjustment prior to that point, the court continued, was barred by the two-year statute of limitations in R.C. 4123.52. Accordingly, it issued a limited writ that returned the cause to the commission for determination of claimant's entitlement to readjustment from February 14, 1994 through February 14, 1996.

This cause is now before this court upon an appeal as of right.

Pursuant to our decision in *State ex rel. Cobble v. Indus. Comm.* (2001), 92 Ohio St.3d 22, 748 N.E.2d 29, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

*Butkovich, Schmipf, Schimpf & Ginocchio Co., L.P.A.,* and *Lisa M. Clark,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Dennis H. Behm,* Assistant Attorney General, for appellee.